# Wytheville.

## LEE AND WIFE v. MUTUAL RESERVE FUND LIFE ASSOCIATION.

### JUNE 15, 1899.

Absent, Cardwell, J.

1. PLEADING—*Misjoinder of Parties—Demurrer.*—Misjoinder of parties is not a good ground of demurrer. The word *may* in the act of February 26, 1896 (Acts 1895-'96, p. 453), means *shall.*

2. CONTRACTS—*Refusal to Perform—Action for Breach—Conditional Repudiation—Insurance—Assessments.*—Where there has been a total refusal by one of the parties to perform his part of the contract, the other may elect to sue at once for the breach, without waiting for the time of performance to arrive. But to justify such suit there must be a distinct, unequivocal, and absolute refusal to perform the contract. Notice by an assessment insurance company that if certain increased assessments are not paid in a given time it will declare the contract void is a conditional repudiation, and no action will lie for the breach of the contract until the company declares the contract void.

3. INSURANCE—*Illegal Assessments—Avoidance of Policy—Action for Breach of Contract.*—An averment that an insurance company has made and is making illegal assessments on its policy holders, including the plaintiff, is not sufficient to show that the company has repudiated the contract and refused to perform it so as to entitle the plaintiff to sue at once to recover its value. The policy-holder is only bound to pay lawful assessments, and then only upon proper notice. Refusal to pay illegal assessments is no reason for avoiding the policy, and the policy-holder is not entitled to maintain an action against the company before the policy has been declared void.

4. INSURANCE—*Statutory Complaint—For What Filed.*—The statutory complaint on an insurance policy can only be filed where the loss

or death insured against occurred before the institution of the suit. It cannot be filed upon an averment that the company has wholly repudiated and abandoned the contract.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered August 12, 1898, in an action wherein the plaintiffs in error were the plaintiffs, and the defendant in error was the defendant.

*Affirmed.*

The action was in the names of A. S. Lee and Mary E. Lee, his wife, on a policy of insurance on the life of said A. S. Lee, which policy is payable " within ninety days after the receipt of satisfactory evidence to the association of the death of the above-named member (A. S. Lee) * * * to Mary E. Lee (wife), of Richmond, county of Henrico, State of Virginia, if then living, otherwise to the heirs, or legal representatives of said member."

The facts sufficiently appear in the opinion of the court.

*Wm. L. Royall,* for the plaintiffs in error.

*Charles S. Stringfellow* and *L. L. Lewis,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Law and Equity Court of the city of Richmond, sustaining a demurrer to the plaintiff's declaration or complaint, and dismissing the case.

One of the grounds of demurrer relied on is that the female plaintiff had no cause of action, her right in the policy sued on being merely a contingent and not a vested right, and there was therefore a misjoinder of parties.

If it be true, as contended, that Mrs. Lee had no cause of

action and was improperly joined with her husband, it was no ground for sustaining the demurrer to the declaration and dismissing the case. Misjoinder of parties is no longer a fatal defect.

By the express terms of the act of Assembly approved February 27, 1894, (Acts 1893-'4, p. 489) as amended and re-enacted by act approved February 26, 1896, (Acts 1895-'6, ch. 423, p. 453) it is provided that whenever it shall appear in any action at law or suit in equity, heretofore or hereafter instituted, by the pleadings or otherwise, that there has been a misjoinder of parties, plaintiff or defendant, the court *may* order the action or suit, to abate as to any party improperly joined, and to proceed by or against the others as if such misjoinder had not been made. The word *may* in a statute of this kind which is in furtherance of justice means the same as *shall*. Potter's Dwarris on Statutes, &c., p. 220.

Another ground of demurrer is that the action was brought for an anticipatory breach or renunciation of the contract, and that the declaration does not aver, as is required in such cases, a distinct, unequivocal, and absolute refusal to perform the contract on the part of the defendant.

This proceeding is based upon or grows out of an alleged violation of the provisions of a certificate of membership or policy of insurance issued to A. S. Lee, one of the plaintiffs, by the defendant, which is a mutual beneficial assessment company chartered under the laws of the State of New York. The certificate or policy provides, among other things, in consideration of certain things done and to be done by A. S. Lee, one of the plaintiffs, that within ninety days after the receipt of satisfactory evidence to the defendant association of the death of the said Lee, during the continuance of the certificate of membership, there shall be payable to Mary E. Lee (his wife), if then living, or if she is then dead, to the heirs or legal representatives of said member, the sum of five thousand dollars from the death

fund of the association at the time of his death, or from any moneys that shall be realized to that fund from the next assessment made by the association upon its members. A. S. Lee is still living, so that by the terms of the certificate or policy no cause of action upon it has yet accrued. But the plaintiffs claim that, notwithstanding this fact, they can maintain this action, because the association has renounced and repudiated the contract, and given notice that it will no longer be bound by it.

In England, and in a number of the States of this country, including Virginia, it has been held that where there has been a total refusal on the part of one of the contracting parties to perform the contract on his part the other may elect to sue at once, without waiting for the time of performance to arrive. *James* v. *Kibler*, 94 Va. 165; *Hochster* v. *De La Tour*, 2 Ellis & B. 678. But in order to do this there must be a distinct, unequivocal and absolute refusal to perform the contract. *Johnson* v. *Milling*, 16 Q. B. Div. 460, 467; *Dingley* v. *Oler*, &c. 117 U. S. 490; Benjamin on Sales (2 ed.), sec. 568; *James* v. *Kibler*, *supra*.

The acts of the association relied on in the first count to show a repudiation or renunciation of the contract of membership or insurance are the following: That the association on the first day of February, 1898, made a new assessment upon all of its members, and increased the bi-monthly assessment upon the insured from $5 to $30 on each thousand dollars of his policy, in plain violation of the provisions of the contract, and notified him that unless that assessment was paid on or before the 3d day of March following it would declare his policy and all payments made thereon forfeited, and his membership in the association ended, and that it persists in that statement.

This action was not instituted until some time in the following April after the time fixed for declaring the certificate or policy lapsed or forfeited for the non-payment of that assessment. If it be true, as alleged, that the February assessment

was an illegal one, and that the association had declared the contract forfeited for its non-payment, the insured would have the right, as he claims, to elect to treat the contract at an end, and bring an action to recover the just value of the policy.

But the averment that the association had given notice that it would declare the policy or certificate forfeited or lapsed if the February assessment was not paid was a conditional, and not an absolute, repudiation of the contract, and is plainly insufficient under the authorities, and especially as this action was not brought until after the time designated by the association for declaring the policy forfeited.

The acts of the association relied on in the second and third counts of the declaration to show an abandonment or repudiation of the contract are clearly insufficient.

The second count averred that the nature and effect of a contract like that sued on are that the company will do all it can to keep the members it has and to increase their number by adding new and good risks; that the association went to work to reduce or coerce out of the assessment class all the young and good risks in that class in order to get them into a "level premium" class, thus leaving all the burden of the assessment class to fall upon those least able to bear them, and that this latter act was such a violation of its contract as entitled the plaintiffs to bring action at once.

The third count averred that before the assessment of February, 1898, was made the officers and agents of the association had fraudulently misappropriated great sums of money belonging to it as the agent and trustee of its members and policyholders, amounting to more than four million dollars, and that the assessment was not made in good faith to meet the necessary and legitimate obligations of the association, but was imposed for the purpose of compelling the plaintiffs and other policyholders above the age of sixty years to abandon their policies, and to forfeit and lose all payments which they had made, and

to lose the benefit of their insurance, and that said extortionate and fraudulent assessment was a renunciation and repudiation of the contract which entitled them to bring this action.

Whilst the acts charged in these two counts show a grossly improper management on the part of the association and its members, they do not show that the association had abandoned or repudiated the contract with the assured, but, on the contrary, they show that the defendant still treated the contract as in force.

Improper assessments, whether made by the association through mistake, or with fraudulent intent, cannot affect the plaintiff's rights. He is only required to pay lawful assessments, and then only upon proper notice. His refusal to pay illegal assessments gives it no authority to declare his policy forfeited.

Another ground of demurrer to the declaration is that it was filed under our statute to simplify pleadings in actions on insurance policies, and that said statute only authorizes the statutory complaint to be filed in cases where the *loss or death* which is insured against has already occurred, and not where the ground of action is an anticipatory breach or renunciation of the contract.

The original declaration to which a demurrer was sustained was, as is stated in the declaration, filed under the statute. The amended declaration does not state in terms that it was so filed, but it is framed like a statutory complaint, and is clearly not good as a common law declaration.

Treated as a statutory complaint, the demurrer to it was properly sustained. Neither of the complaints makes the averments required by the statute. It requires that the complaint shall set forth, among other things, the *loss or death relied* upon as the ground of recovery. The loss or death insured against had not occurred when the complaint was filed, so that no such averment was or could be made.

The act of February 8, 1872, regulating the pleading in an

action on a policy of insurance provided, among other things, that the declaration or complaint filed under that statute should *set forth the loss or death relied upon as the ground of the plaintiff's recovery.* (Acts 1871-'2, pp. 57-8.) In carrying that statute into the Code of 1887 as sec. 3251 the revisors omitted that provision. By an act approved March 3, 1896, sec. 3251 was amended and re-enacted, and the provision requiring the complaint to set forth the *loss* or *death* relied upon as the ground of the plaintiff's recovery, which was in the act of February 8, 1872, and which had been omitted by the revisors in sec. 3251, was re-enacted. It must be presumed from this action of the Legislature that it intended to make such an averment in the declaration or complaint an essential requirement. If this be so, it follows that the proceeding provided for by sec. 3251 of the Code, as amended, is only available where the *loss or death* insured against occurred prior to the institution of the suit, and it is not available in a case like this.

We are of opinion that the demurrer to the complaint was well taken, and the proceeding properly dismissed. The judgment of the Law and Equity Court must therefore be affirmed, but without prejudice to the right of the plaintiffs or plaintiff to institute such other proper proceeding as they may be advised.

*Affirmed.*