# James E. Link, et al.

## v.

# Lawrence M. Weizenbaum, et al.

Record No. 820103

Decided March 8, 1985, at Richmond

Present: All the Justices

*Charles R. Beller, III (Mullen & Beller*, on brief), for appellants.
*Stephen D. Rosenthal (Jebo & Rosenthal*, on brief), for appellees.

THOMAS, J., delivered the opinion of the Court.

This appeal raises an issue of first impression in the Commonwealth: whether breach of contract on the basis of anticipatory repudiation can be established where only one of two joint obligors has repudiated. To resolve this issue we must first analyze the separate rules governing anticipatory repudiation and the duties of joint obligors, then we must synthesize a rule applicable to the present problem.

The pertinent facts are as follows: On June 16, 1980, Lawrence and Freya Weizenbaum, then husband and wife, jointly signed a contract to purchase realty from James and Margaret Link. The closing was set for July 31, 1980. Prior to the closing, on July 10, 1980, Lawrence Weizenbaum advised the Links' agent that he was unable to come up with sufficient cash and would therefore be unable to close. On July 12, 1980, in a telephone conversation, Lawrence again told the Links' agent that he would not be able to close; he stated further that he was out of the contract and wanted his $500 deposit back. He said that if he did not get his money back, he would report the realtors to the Real Estate Commission.

By letter dated July 16, 1980, the Links' agent urged the Weizenbaums to close according to the terms of the contract. In addition, she set up a meeting on July 21, 1980, to discuss the problem.

On July 21, 1980, Lawrence first went to James Link's office and told James that he did not have the money and would not close on the 31st. Lawrence then walked across the street to the offices of the Links' realtor. There, Lawrence reasserted his position that he wanted his deposit back and that he was not going to close on the contract closing date.

The record makes clear that Mrs. Weizenbaum was not present at any time or place where Lawrence said he would not close. Further, there is no evidence that Mrs. Weizenbaum assented to the position taken by her then husband, or that he was speaking for her. Nor does the record contain any evidence from which the jury could conclude that Mrs. Weizenbaum would not close on the date called for in the contract.

The Links filed suit on July 29, 1980, two days before the scheduled closing, alleging anticipatory repudiation on the part of the Weizenbaums. The jury returned a verdict in favor of the Links. Upon motion made by defendants, the trial court set aside the verdict as to Mrs. Weizenbaum on the ground that there was no showing that she breached the contract. The Links did not appeal that decision.

Before judgment was entered on the verdict against Lawrence, his counsel moved to dismiss the entire suit on the ground that if only one of two joint obligors anticipatorily repudiates, there is no breach of contract because the remaining obligor is bound to perform at the closing. The trial court considered additional authority, then set aside the verdict as to Lawrence. The Links appeal this last ruling. We think the trial court was correct. Therefore, we will affirm the judgment.

In order for a plaintiff to establish breach of contract on the basis of anticipatory repudiation, the repudiation must be clear and unequivocal, and it must cover the entire performance of the contract. *See Supervisors* v. *Ecology One*, 219 Va. 29, 33, 245 S.E.2d 425, 428 (1978); *Simpson* v. *Scott*, 189 Va. 392, 400, 53 S.E.2d 21, 24 (1949); *Lee* v. *Mutual, & Life Ass'n.*, 97 Va. 160, 163, 33 S.E. 556, 557 (1899). Here, though Lawrence's repudiation was clear and unequivocal, it did not cover the entire performance of the contract, because his co-obligor did not repudiate.

It is well settled in Virginia that where two or more parties jointly contract to do a single act, each is bound for the whole performance. *See Houston* v. *Bain*, 170 Va. 378, 391-392, 196 S.E. 657, 662-663 (1938). This is so because each ensures the

other's promise to perform. Professor Williston discussed the point as follows: "When two or more persons promise the same performance, whether the promise is in form joint, or joint and several, there is necessarily a relationship of principal and surety between them, regardless of the form in which the promises are made." 2 S. Williston, *A Treatise on the Law of Contracts* § 316 (3d ed. 1959) (footnote omitted).

Though we have not heretofore ruled on the precise issue raised in this appeal, the principles stated above, which are drawn from the general law of contracts, make the resolution simple: though Lawrence clearly repudiated, his repudiation could not serve as the basis for a claim of breach of contract because his co-obligor did not join in the repudiation either expressly or by assent. Since there was no showing that Mrs. Weizenbaum joined in the repudiation, the Links should have waited until the closing date to determine whether she would perform according to her contractual obligation. The Links sued too soon.

Our disposition of this appeal makes it unnecessary for us to rule on the assignments of cross-error. In light of the foregoing, the judgment of the trial court will be

*Affirmed.*