## ALEX VAHABZADEH, TRUSTEE, ET AL.

## V.

## EDWARD R. MOONEY, JR., TRUSTEE, ET AL.

Record No. 900414

January 11, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Hassell, JJ., and Poff, Senior Justice

*Jerry M. Phillips (Phillips, Beckwith & Hall,* on briefs), for appellants.

*John E. Coffey (Richard C. Sullivan, Jr.; Jennifer L. Watkins; Hazel & Thomas,* on brief), for appellee Edward R. Mooney, Jr., Trustee.

No brief or argument for appellee Charles R. Langen.

JUSTICE STEPHENSON delivered the opinion of the Court.

The dispositive issue in this appeal is whether a seller, who had repudiated a contract for the sale of land, thereafter retracted his repudiation.

Alex Vahabzadeh, Trustee,[1] brought a chancery suit to compel Edward R. Mooney, Jr., Trustee,[2] to perform a contract for the sale of certain real property. Following an *ore tenus* hearing, the trial court found that (1) Mooney had repudiated the contract, (2) Mooney subsequently retracted his repudiation, and (3) Vahabzadeh failed to arrange a closing date and to tender performance within the time specified for closing. Consequently, the trial court denied specific performance, and Vahabzadeh appeals.

On August 30, 1988, Mooney signed a contract, dated August 19, 1988, agreeing to sell to Vahabzadeh a 30-acre tract of land in Fairfax County. The contract provided for a closing date "no later than October 23, 1988," and specified that time was of the essence.

---

[1] LV Properties, L.P., also was named as a complainant.
[2] Charles R. Langen, Trustee, also was named as a respondent.

On September 1, 1988, Vahabzadeh's real estate broker delivered an executed copy of the contract to Mooney. At that time, Mooney informed the broker that he would not sell the property unless Vahabzadeh agreed to pay him $400,000 more than the price stated in the contract. Mooney made it clear to the broker that he would not honor the contract and proceed to settlement unless he received the additional sum. According to the broker, Mooney said he would "do anything [he had] to to get out of [the contract]."

On September 19, 1988, Mooney met with the broker and Vahabzadeh's real estate attorney. At that meeting, Mooney stated several times that he was not going to settlement on the contract unless he was paid an additional $400,000. When Vahabzadeh's broker and attorney told Mooney that they expected him to honor the contract, Mooney indicated that he might approach some other prospective buyers.

Vahabzadeh's attorney wrote to Mooney's attorney on September 28, 1988. The letter stated, *inter alia*, the following:

> This letter is to again advise you that Mr. Vahabzadeh intends to fulfill his obligations under the Purchase Agreement and expects Mr. Mooney to do the same, despite Mr. Mooney's previous attempts to avoid such obligations. In that regard, the Purchase Agreement provides that closing shall be "no later than" October 23, 1988. Therefore, we desire closing to occur as soon as possible. Please notify us of a day and time for closing convenient for you and Mr. Mooney within the next few days, and we will arrange our schedule and financing accordingly.

On October 12, 1988, Vahabzadeh's attorney sent drafts of seven documents to Mooney's attorney. The contract required Mooney to provide these documents at closing. The cover letter stated that the documents were sent "[i]n contemplation of closing as soon as possible." The letter also requested that Mooney's attorney review the drafts and make any comments or revisions. Neither Mooney nor his attorney responded directly to this letter.

By letter dated October 15, 1988, however, Mooney wrote to Vahabzadeh's attorney as follows:

> I have retained Ted Hussar, a local attorney, to represent me in working out a tax-free exchange, if possible, if we de-

cide to go to settlement without extending the contract. It appears that any damages that I may have suffered on this sale would pertain to the realtors, and that it may be in my best interest to reserve any rights I have against the transactions and proceed with settlement provided we can work out a tax-free exchange to salvage some of the profits that should have been realized from this transaction.

I would appreciate your help and cooperation in working with Mr. Hussar and Mr. Charles Langen to see if we can get this settled in a timely fashion to accommodate both of our needs.

Vahabzadeh's attorney never was contacted by Mooney's attorney following the October 15 letter. Mooney's attorney testified that he did not receive a copy of the letter until well after the October 23 closing deadline. When he finally received a copy of the letter, it came from Vahabzadeh's attorney rather than from Mooney. Thus, Mooney's attorney confirmed that he took no steps to facilitate a settlement because Mooney never authorized him to do so.

On November 7, 1988, Mooney wrote to his attorney, stating that he had terminated the contract and demanding that the earnest money deposit of $50,000 be returned to Vahabzadeh. By letter dated November 9, 1988, Vahabzadeh's attorney advised Mooney's attorney that Vahabzadeh had been waiting for Mooney or his attorneys to follow up on Mooney's October 15 letter, instructed Mooney's attorney to retain the earnest money deposit, and stated that "Vahabzadeh has always been ready, willing and able to close on a day and time at Mr. Mooney's and your convenience." No response was made to the November 9 letter.

Thereupon, Vahabzadeh's attorney set a closing date of November 28, 1988. Neither Mooney nor his attorney appeared at that time.

The trial court ruled that Mooney had repudiated the contract.[3] The court also ruled that, by his letter of October 15, Mooney retracted his repudiation and gave notice that he intended to go forward with the contract. Vahabzadeh contends that this ruling was erroneous.

---

[3] Mooney assigned cross-error to this ruling, but by order entered June 14, 1990, we refused the appeal as to this assignment of cross-error. This ruling, therefore, is final.

Vahabzadeh asserts that a retraction of a repudiation must be clear, definite, absolute, unequivocal, and unconditional in expressly affirming the repudiator's obligations under the contract. Vahabzadeh then claims that the October 15 letter fails to meet the standard he advocates.

■ Although the matter is one of first impression, we think that logic and reason compel the application of the same standard to the retraction of a repudiation that is applied in determining whether a contract has been repudiated. It is firmly established that for a repudiation of a contract to constitute a breach, the repudiation must be clear, absolute, unequivocal, and must cover the entire performance of the contract. *Link* v. *Weizenbaum*, 229 Va. 201, 203, 326 S.E.2d 667, 668 (1985); *Simpson* v. *Scott*, 189 Va. 392, 400, 53 S.E.2d 21, 24 (1949). Thus, we hold that, to be effective, a retraction of a repudiation must be clear, definite, absolute, and unequivocal in evincing the repudiator's intention to honor his obligations under the contract.

■ When this standard is applied to Mooney's October 15 letter, it is readily apparent that Mooney did not effectively retract his repudiation of the contract. The letter interjects, for the first time, a "tax-free exchange" as a condition for settlement. Mooney stated that he would "proceed with settlement provided that we can work out a tax-free exchange." Moreover, the letter is vague, indefinite, and noncommittal. It in no way evinces Mooney's intention to honor and perform his obligations under the contract. Clearly, the letter was not a retraction of Mooney's earlier repudiation of the contract under the standard we have adopted.[4]

Accordingly, we will reverse and vacate the trial court's decree and remand the cause with directions that the trial court decree specific performance of the contract.

*Reversed and remanded.*

---

[4] In reaching this conclusion, we are mindful of the great weight accorded a trial court's factual findings after an *ore tenus* hearing. That rule is not applicable, however, where, as here, all probative evidence on the issue of retraction is limited to the interpretation of a letter. *Raney* v. *Barnes Lumber Corp.*, 195 Va. 956, 965-66, 81 S.E.2d 578, 584 (1954).