983 F.2d 1056
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Catheran Calhoun JOHNSTON, Plaintiff-Appellant,
v.
Bartlett Forney JOHNSTON, III; Chaloner B. Schley,
Defendants-Appellees,
and Apphia P.A. Schley, Defendant.
 No. 92-1623.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 28, 1992
Decided: January 5, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-91-1808-A)
 ARGUED: Glen Franklin Koontz, Keller & Heckman, Washington, D.C., for Appellant.
 Paul Alan Morrison, Morrison & Bayliss, Leesburg, Virginia, for Appellee Johnston; William B. Cummings, William B. Cummings, P.C., Alexandria, Virginia, for Appellee Schley.
 ON BRIEF: William L. Kovacs, Leslie E. Silverman, Keller & Heckman, Washington, D.C., for Appellant.
 E.D.Va.
 Affirmed.
 Before SPROUSE and CHAPMAN, Senior Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 OPINION
 I.
 
 1
 Appellee Chal Schley (Schley) purchased a piece of property for the benefit of his cousin, appellee Bart Johnston (Johnston) in 1963. Over the years, Schley gave Johnston several options to buy the property, and also paid proceeds to Johnston resulting from sales of parcels. In 1989, when Johnston separated from his wife, appellant Catheran Johnston (appellant), he included the remaining 10.6 acres in their property settlement agreement, and agreed to split the proceeds of its sale with her. The sale was to occur no later than 1995. Title to the land remained in Schley's name, and he objected to inclusion of the land in the marital property settlement. Schley and Johnston then entered into a separate agreement, and appellant filed suit against them to retain the 50% interest to which she was entitled under the settlement agreement. Eventually, Schley conveyed title to Johnston, who again agreed to convey half of the property to appellant. Despite that agreement, appellant alleges breach of contract against Johnston; tortious interference with contract against Schley; breach of fiduciary duty against Schley; sanctions against both appellees; and attorneys' fees from Johnston. The District Court summarily denied all of appellant's claims.
 
 II.
 
 2
 The property settlement agreement stipulated that the parties would split the proceeds from a sale of the property, and the property was to be sold by 1995. Therefore, the contract could not be breached until 1995. Mundy's Ex'rs v. Garland, 83 S.E. 491, 495 (Va. 1914). Accord Waskey v. Thomas, 235 S.E.2d 346, 348 (Va. 1977); Jennings v. Realty Dvprs, Inc., 171 S.E.2d 829, 832 (Va. 1970). An action for anticipatory breach requires the repudiation to cover the entire performance under the contract. Link v. Weizenbaum, 326 S.E.2d 667 (Va. 1985). Performance under the contract was complete but for the sale of the property, and an action for anticipatory breach cannot lie. Recognizing that part of the contract has been performed, and the remaining part does not come due until 1995, the District Court properly held that the contract had not been breached.
 
 
 3
 An action for tortious interference with contractual relations requires (1) the existence of a valid contractual relationship; (2) knowledge of the relationship on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship; and (4) resulting damage to the party whose relationship has been disrupted. Chaves v. Johnson, 335 S.E.2d 97, 102 (Va. 1985). Absent a breach of the property settlement agreement, Schley cannot be liable for tortious interference with the Johnstons' contract. Therefore, Summary Judgment was properly decided in favor of Schley on the tortious interference with contract claim.
 
 
 4
 The creation of a fiduciary duty requires the fiduciary's consent. Allen v. Aetna Casualty & Sur. Co., 281 S.E.2d 818 (Va. 1981) (Enforceable contract requires mutual assent of parties); see also, Southern Pac. Transp. Co. v. Continental Shippers Ass'n, 642 F.2d 236, 238 (8th Cir. 1981) (Mutual assent required to create fiduciary agent relationship); United States v. Feldman, 825 F.2d 124, 129 (7th Cir. 1987). Schley was not a signatory to the property settlement, was not bound by the agreement, and owed no fiduciary duty to appellant.
 
 
 5
 Even if Schley owed such a duty, the measure of damages would be the difference between what was bargained for and what was received. Duvall, Blackburn, Hale & Downey v. Siddiqui, 416 S.E.2d 448, 450 (Va. 1992). Since appellant will receive one-half of the property, she will receive the equivalent of what she bargained for. Damages would be zero.
 
 
 6
 Sanctions may be imposed against attorneys and parties who file pleadings that are not well grounded in fact and warranted by existing law or good faith argument for extension, modification, or reversal of existing law, or who file pleadings for improper purposes such as harassment or delay. Fed.R.Civ.Pro. 11. The District Court's decision not to impose sanctions can only be reversed for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). Appellant contends that appellees' pleadings evidence inconsistent allegations. However, appellees explain each alleged inconsistency by reference to repeated misunderstandings. The District Court's denial of sanctions under Rule 11 was not an abuse of discretion.
 
 
 7
 Plaintiff also requests sanctions under 28 U.S.C.s 1927, which penalizes litigants who multiply the case proceedings unreasonably and vexatiously. Though Johnston filed a cross-claim against Schley that was later dismissed, the pleadings were reasonable given the appellees' differing opinions as to who owned the land. Sanctions based on pleadings that were reasonable at the time are inappropriate. Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991). Therefore, the District Court's decision not to sanction appellees was not an abuse of discretion.
 
 
 8
 Where a breach of contract has forced a litigant to maintain or defend a suit with a third person, the litigant may recover reasonable attorney's fees incurred in the former suit. Hiss v. Friedberg, 112 S.E.2d 871, 876 (Va. 1960). However, the contract here was not breached, and the District Court properly denied costs and fees.
 
 
 9
 Accordingly, the judgment of the District Court is affirmed.
 
 AFFIRMED