COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

STEPHEN B. JOYCE

v.   Record No. 0001-95-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
PATRICIA K. JOYCE                             JULY 18, 1995

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
F. Bruce Bach, Judge

(Gregory L. Murphy; David C. Schroeder; Murphy,
McGettigan, Richards & West, on briefs), for
appellant.

(Susan Massie Hicks; Thomas P. Sotelo; Leiner, Hicks &
Sotelo, on brief), for appellee.


Stephen B. Joyce (husband) appeals the decision of the circuit court awarding Patricia K. Joyce (wife) a percentage of husband's pension.  Husband raises the following issue on appeal: whether the trial court's award erroneously includes post-separation increases in pension benefits due to husband's post-separation efforts as marital property subject to division.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

The trial court is vested with broad discretion in fashioning an equitable distribution award, and its decision will not be reversed on appeal "[u]nless it appears from the record

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities." Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted).

Code § 20-107.3(G) specifically addresses the division of pension or retirement benefits as part of an equitable distribution award. In pertinent part, Code § 20-107.3 provides:

> [t]he court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time. . . . No such payment shall exceed fifty percent of the marital share of the cash benefits actually received by the party against whom such award is made. "Marital share" means that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties . . . .

Code § 20-107.3(G)(1).

Husband notes that he is fully vested in his defined benefit pension through the Civil Service Retirement System (CSRS). Under the CSRS, the amount husband will actually receive in pension payments will be determined by the average of his highest three years' salary, and by the form in which he elects to take his benefits. If husband elects to receive his CSRS benefits as an annuity, those annuity payments may be subject to cost of living adjustments. Husband is still employed, and thus the amount of his pension has not been determined. Husband, however,

2

provided an estimate of the value of his pension as of the date of the parties' separation if husband elected the deferred annuity option for receiving his CSRS retirement benefits.

The trial court awarded wife a fractional interest in husband's pension, determined by dividing the years of employment during the marriage by the total years of employment. The fractional share to be determined upon husband's retirement was then further limited under the trial court's order to fifty percent of the marital share. This calculation complies with the requirements of Code § 20-107.3 and has been approved by this Court in Mosley v. Mosley, 19 Va. App. 192, 198, 450 S.E.2d 161, 165 (1994). Therefore, we cannot say the trial court erred in its award.

While the three years' pay which forms the basis for determining husband's actual pension benefit may include post-separation salary increases, husband's right to any pension was based in large part on years of service during the marriage. "The 'equitable distribution' statute . . . is intended to recognize a marriage as a partnership and to provide a means to divide equitably the wealth accumulated during and by that partnership based on the monetary and non-monetary contributions of each spouse." Williams v. Williams, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987). In many, if not most, cases, it is the later years of employment that are the highest paid and bring the highest benefits. It would be inequitable to disassociate the

3

early, lower-paid years of the marital partnership from later years when the partnership no longer exists but when the ultimate benefits from the parties' joint efforts and cooperation are reaped. This is particularly true where, as here, the pension benefits to date have been earned almost entirely during the parties' marriage of over twenty years. The formula used by the trial court diminishes the percentage of husband's pension wife will receive as husband's employment continues, retains the fifty percent of the marital share limitation, and recognizes the interconnection between early employment and later benefits.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>