In re Edwin L. BOUCHELLE, Jr., and Frances Kay Bouchelle, Debtor.

Edwin L. BOUCHELLE, Jr., and Frances Kay Bouchelle, Plaintiffs,

v.

SOUTHEAST BANK OF PERRY, N.A., Defendant.

Bankruptcy No. 85–00458–BKC–3P7. Adv. No. 87–227.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 22, 1989.

Albert H. Mickler, Jacksonville, Fla., for plaintiffs.

Earl M. Barker, Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon complaint seeking to enjoin defendant from continuing further collection efforts with respect to its collateral charging violation of 11 U.S.C. § 524(a). On August 25, 1988, Frances Kay Bouchelle was voluntarily dismissed in open court as a party plaintiff. A trial of this adversary proceeding was held December 14, 1989, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

In 1984, the defendant entered into a series of loan transactions with Lake City Broadcasting Company, Inc., and Forest Capitol Publishers, Inc. The loans were secured by items of business equipment, including two typesetters, a processor, a camera and a copy machine. The loans were further secured by two personal guarantees executed by the plaintiff and his wife.

In April of 1985, Lake City Broadcasting Company, Inc., and Forest Capitol Publishers, Inc., ceased doing business. Plaintiff returned most of the bank's collateral to the original retailers to be resold in the ordinary course of business. The copy machine remained at an undisclosed location in Perry, Florida. The location of the collateral was not disclosed to the defendant.

On June 6, 1985, plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 701, *et seq.* The Bank of Perry, defendant's predecessor in interest, was scheduled as a secured creditor holding a security interest in typesetters, camera and copier. A discharge for plaintiff was entered October 15, 1987.

Defendant did not attend the § 341 Meeting of Creditors nor did it file a proof of claim. The defendant wrote plaintiff's attorney on October 26, 1985, inquiring as to the location of the collateral securing the previous loans to plaintiff.

On January 22, 1986, the defendant wrote plaintiff directly and threatened criminal proceedings if the collateral was not produced within ten days. Plaintiff's attorney responded to the letters on February 4, 1986, advising that most of the collateral had been returned to the equipment dealers. However, he did not disclose the location of the rest of the collateral.

On May 4, 1987, the bank filed and served a Complaint of Replevin and an Order to Show Cause. The complaint sought a return of the collateral as well as compensatory damages and costs. An answer to the complaint was filed on May 15, 1987, together with a Suggestion of Bankruptcy.

That same day, plaintiff's attorney wrote a letter demanding that defendant desist from its attempts to impose personal liability upon the plaintiffs. On May 22, 1987, the defendant filed a Notice in the replevin action that it intended to "seek only those legal and equitable remedies against [Bouchelle] which are not barred by the United States Bankruptcy Code."

Defendant contends that the replevin action was filed for the purpose of obtaining possession of the collateral which it believed to be in actual or constructive possession of the plaintiff. The only action taken in that case beyond the filing of complaint was a deposition of September 18, 1987.

This adversary proceeding was commenced on September 29, 1987. The complaint seeks both compensatory and punitive damages against the defendant for violation of the discharge injunction imposed by § 524(a). As noted, Frances Kay Bouchelle was voluntarily dismissed in open court as a party plaintiff.

## CONCLUSIONS OF LAW

■ A discharge under § 727 of the Bankruptcy Code operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover, or offset any discharged debt as a personal liability of the debtor. *See,* 11 U.S.C. § 524(a). The injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition against debt collection efforts. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365–66 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ The granting of a discharge in bankruptcy does not, however, prevent creditors from pursuing post-discharge enforcement of a valid lien on property of the debtor existing at the time the petition was filed. *Lellock v. Prudential Ins. Co.,* 811 F.2d 186 (3d Cir.1987); *Chandler Bank of Lyons v. Ray,* 804 F.2d 577 (10th Cir.1986); *In re Weathers,* 15 B.R. 945 (Bkrtcy.D. Kan.1981).

Section 522(c)(2) of the Bankruptcy Code clarifies this principle. It states that a lien may be enforced against exempt or nonexempt property providing such lien was not avoided under specified sections of the Code or under § 506(d). The legislative comments which accompany § 522(c) provide:

The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard,* 117 U.S. 617 [6

S.Ct. 917, 29 L.Ed. 1004] (1886), is accepted with respect to the enforcement of valid liens on nonexempt property as well as exempt property.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 361 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5862, 6317. Thus, the defendant is generally free to pursue its *in rem* remedies under state law subject to the provisions of 11 U.S.C. § 362.

■ One of the rights afforded a secured creditor under Florida law is the right to retake possession of its collateral upon default. § 679.503, Florida Statutes. Replevin is an action to recover possession of personal property and may be brought against persons in actual or constructive possession of such property. *Evans v. Kloeppel,* 72 Fla. 267, 73 So. 180 (1916); *Simmons v. Williford,* 60 Fla. 359, 53 So. 452 (1910); *Bush v. Belenke,* 381 So.2d 315 (Fla. 3d DCA 1980); *Land v. Cessna Aircraft Co.,* 466 So.2d 1265 (Fla. 1st DCA 1985).

■ The filing of a replevin action, in and of itself, does not constitute a violation of the discharge injunction of § 524(a). In addition, merely naming a person as a defendant in a replevin action does not make the action *in personam* as to him or her. *Neil v. South Florida Auto Painters, Inc.,* 397 So.2d 1160 (Fla. 3d DCA 1981). There must be a specific request for such relief.

■ In this case, the bank did not seek enforcement of the debt as a personal liability against plaintiff and when requested to do so, filed a pleading in the replevin action affirming that fact. It did seek possession of its collateral from one who, at the very least, was in constructive possession of some of the collateral. Although the Court does not approve of the threat of criminal prosecution as a method of debt collection, the Court finds that any possible confusion or argument that the defendant's actions violated § 524(a) were eliminated by the correspondence between the parties and the Notice filed May 22, 1987. *See, In re Wright,* 75 B.R. 414 (Bkrtcy.M.D.Fla. 1987).

Accordingly, the Court finds that defendant did not violate the discharge injunction of § 524(a). The Court will, by separate order, enter final judgment in favor of the defendant.