■ JESSE M. HILSEN, Appellant, v RITA HILSEN, Respondent.—Judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered August 23, 1988, which, *inter alia*, dissolved the marriage of the parties, awarded defendant maintenance of $750 per week, and granted defendant sole ownership of a certain cooperative apartment, unanimously affirmed, without costs.

The IAS court, in a comprehensive opinion, fully set forth the basis for its reasoning in determining the various issues in dispute, and we perceive no ground for reversal or modification. In particular, we find ample support in the record for the trial court's determination that plaintiff had diverted the proceeds from the sale or mortgaging of various properties so as to deprive the defendant of their value, and had otherwise attempted to obfuscate the true extent of his income. The awards for maintenance, as well as the awards for counsel fees and accounting fees, also find ample support in the record.

Plaintiff filed a petition for chapter 11 reorganization on July 1, 1987, one day after this court affirmed an order appointing a receiver for three apartments which constitute marital property (131 AD2d 388) (since converted to a chapter 7 liquidation proceeding). Thus, this action, to the extent that it might involve economic relief other than maintenance or support from property that is not part of the bankrupt's estate, would normally be automatically stayed (11 USC § 362 [b] [2]). Although, there is some uncertainty on this point and the parties have not addressed the question of whether the equitable distribution award may possibly be subject to such stay, we consider it part of the award for maintenance and not subject to an automatic stay. However, we also recognize that ultimately the question of whether the equitable distribution award is a property settlement subject to dischargeability or a debt for maintenance or support and, therefore, nondischargeable pursuant to 11 USC § 523 (a) (5), is for the Bankruptcy Court to determine. *(See, In re Raff v Raff,* 93 Bankr 41.)

We have reviewed plaintiff's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.