**Richmond**

GARY S. MOSLEY

v.

DONNA S. MOSLEY

No. 2403-93-2

Decided November 8, 1994

COUNSEL

Paul T. Buckwalter, II (Paul T. Buckwalter & Associates, on brief), for appellant.

Stephen L. Dalton (Dalton, Pedin & Dawson, on brief), for appellee.

OPINION

**ELDER, J.**—Gary S. Mosley, husband, appeals the trial court's equitable distribution and spousal support awards to Donna S. Mosley, wife. On appeal, he contends the trial court erred (1) by failing to provide him with an adequate opportunity to present evidence relevant to the equitable distribution; (2) in granting wife a lump sum spousal support award rather than periodic payments; and (3) in awarding wife fifty percent of his twenty-year military pension even though the parties were married during only seven-

teen of those twenty years. For the reasons that follow, we affirm in part and reverse in part.

## I.

The parties were married in 1971 and separated on February 1, 1991. Wife filed for a no-fault divorce based on separation in May 1992, and husband filed a cross-bill alleging adultery, to which wife demurred. On February 8, 1993, husband filed for bankruptcy, listing all joint marital debts and a contingent claim for any equitable distribution award resulting from the parties' divorce. His discharge was granted on May 26, 1993. In her proposed findings of fact and law of June 3, 1993, wife made reference to husband's bankruptcy and attached a copy of his petition, of which she asked the court to take judicial notice. The trial court apparently did so, for it made reference to husband's bankruptcy in its letter opinion of July 29, 1993.

At the hearing of March 16 or 22, 1993, wife moved the court to enter a final decree of divorce. Husband objected, requesting time to present additional evidence to show wife's fault in the breakup of the marriage. The court gave the parties until April 15, 1993 to present additional evidence, but husband made no additional submissions. On June 3, 1993, wife submitted proposed findings of fact and law to both the court and counsel for husband. By letter opinion of July 29, 1993, the trial court stated its intent to grant a no-fault divorce. The court stated its intention, based on the factors enumerated in Code § 20-107.3, to award wife one-half of husband's military pension. The court also found it equitable, in view of Code § 20-107.1 and the marital debt burden wife assumed after husband filed for bankruptcy, to award wife "lump sum spousal support of $29,330.00 to compensate her for ½ the value of [husband's] use of the marital home, ½ of the debt to the credit union and ½ of all other secured and unsecured marital debt."

At a rehearing on September 27, 1993, husband argued that he had been given neither a clear deadline to submit evidence nor an opportunity to argue the evidence already presented. He also implied that his bankruptcy proceeding had prevented him from diligently pursuing discovery in the divorce proceeding, to which the trial judge responded, "[I]f you had trouble in bankruptcy, you never let me know that was creating a problem as far as your

taking evidence is concerned." The court issued no ruling at that time. Husband again requested a rehearing, at which both these matters and issues related to child custody and visitation were discussed, but no resolution was reached.

On November 3, 1993, the trial court entered the final decree of divorce based on a one-year separation and ordered that the equitable distribution and payment of spousal support follow in accordance with its previous directions. After considering each of the factors set forth in Code § 20-107.3(E) and based upon the equities in the cause, the court held that the parties' marital property should be divided equally. On that basis, it ordered the equal division of husband's military pension. Finally, it directed, "after consideration of all the relevant factors set forth in § 20-107.1 and the evidence and argument submitted by counsel and for the reasons set forth in the Court's letter to counsel of July 29, 1993," that husband pay wife $29,330 in lump sum spousal support.

## II.

Husband contends first that the trial court erred by failing to provide him with an adequate opportunity to present evidence relevant to the equitable distribution. Code § 20-107.3 requires that "the court, upon request of either party, shall determine the legal title . . . [,] ownership and value of all property."

> Virginia's trial courts may, without doing violence to the statute, make a monetary award without giving consideration to the classification or valuation of every item of property, where the parties have been given a reasonable opportunity to provide the necessary evidence to prove classification or valuation but through their lack of diligence have failed to do so. However, a court may not arbitrarily refuse to classify or evaluate marital or separate property where sufficient evidence to do so is in the record. The court may not refuse or fail to give parties a reasonable opportunity to develop and present evidence of value. Nor can the court arbitrarily reject credible evidence of value merely because other evidence might be more accurate, convincing, desirable or persuasive.

*Bowers v. Bowers*, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987).

The facts in this case show that the trial court gave husband ample opportunity to present evidence in his behalf. At the hearing of March 16, 1993, on wife's motion for entry of a final decree, husband requested additional time to present evidence of wife's fault in ending the marriage. Although this hearing was not transcribed and no order was issued outlining the timetable established, counsel for both parties acknowledged the existence of a deadline of April 15, 1993 in subsequent proceedings before the court. We cannot conclude that the trial court abused its discretion in refusing to accept additional evidence.

### III.

Husband also contends the trial court erred in granting wife lump sum spousal support where that support was in reality an allocation of marital debts via equitable distribution, from which he had already been discharged in bankruptcy. Additionally, husband claims the record provided insufficient evidence from which the trial court could have properly ordered a lump sum award. We agree with both contentions.

First, under 11 U.S.C. § 523(a)(5) of the federal bankruptcy code, an individual debtor may not discharge debts "to a spouse . . . for alimony to, maintenance for, or support of such spouse . . . in connection with a separation agreement, divorce decree, or other order of a court of record, determination . . . by a government unit, or property settlement agreement." However, a debt merely "designated as alimony, maintenance or support" but which is not "actually in the nature of alimony, maintenance, or support" is dischargeable. See *Carter v. Carter*, 18 Va. App. 787, 789, 447 S.E.2d 522, 523 (1994). Whether a debt is a support obligation, and not dischargeable, or a distribution of property, and dischargeable, is a matter of federal law. *In re Williams*, 703 F.2d 1055, 1056 (8th Cir. 1983). A court is not bound to accept a divorce decree's characterization of an award as maintenance or a property settlement, and the crucial issue is the function the award is intended to serve. *Id.* at 1057.

In this case, although the trial judge characterized the award as "lump sum spousal support," he specifically listed as its purpose "to compensate [wife] for ½ the value of [husband's] use of the marital home [which was based on his failure to make mortgage payments as agreed], ½ of the debt to the credit union and ½ of

all other secured and unsecured marital debt." This language makes clear that the trial court's purpose in making the award was to hold husband financially responsible for one-half of all marital debts, which would, in effect, serve to circumvent the discharge granted by the federal bankruptcy court.

 Furthermore, the evidence before the trial court did not establish that husband had the ability to pay a lump sum award in favor of wife. Although Code § 20-107.1 grants the trial court discretion in deciding whether to order periodic or lump sum payments, periodic payments are the preferred form. *See Blank v. Blank*, 10 Va. App. 1, 5, 389 S.E.2d 723, 725 (1990). As this Court stated in *Blank*, "when courts do make lump sum spousal support awards they do so because of special circumstances or compelling reasons." *Id.* at 5-6, 389 S.E.2d at 725 (citing with approval *Storer v. Storer*, 353 So. 2d 152 (Fla. Dist. Ct. App. 1977), *cert. denied*, 360 So. 2d 1250 (Fla. 1978), in which the trial court properly considered the financial status of the parties before ordering a lump sum award).

This Court, in *Goetz v. Goetz*, 7 Va. App. 50, 371 S.E.2d 567 (1988), reversed and remanded that portion of the trial court's decree which granted a lump sum spousal support award. In *Goetz*, the trial court failed to make a finding that the husband's earnings or assets provided a sufficient source from which such a lump sum award could be derived.

 Finally, we have stated that in awarding spousal support, the trial court "must consider the relative needs and abilities of the parties." *Collier v. Collier*, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). This consideration is guided by the nine factors set forth in Code § 20-107.1, the first of which includes the parties' respective earning capacities. In the instant case, the trial court failed to address husband's capacity to pay the lump sum award ordered by the trial court.

For these reasons, we hold that the trial court abused its discretion in awarding wife lump sum spousal support.

## IV.

 Lastly, husband contends the trial court erred in awarding wife fifty percent of his twenty-year military pension even though the parties were married during only seventeen and one-half of

those twenty years. We agree. Code § 20-107.3(G) provides that no such award "[s]hall exceed fifty percent of the marital share of the cash benefits actually received." "Marital share" is defined in that section as "[t]hat portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties." This statutory language is mandatory and can be implemented through the use of a simple formula. The number of years that the spouse was in the pension plan while in the marriage serves as the numerator and the total number of years in the pension plan serves as the denominator. This fraction establishes the marital share of the pension as defined by the statute. *See Primm v. Primm*, 12 Va. App. 1036, 1037, 407 S.E.2d 45, 46 (1991). The statute provides that the award cannot exceed fifty percent of this amount. In this case the trial judge awarded wife fifty percent of the total pension.

For these reasons, we affirm the ruling of the trial court as to husband's first assignment of error. However, we reverse as to the second and third issues and remand to the trial court for further proceedings consistent with this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Barrow, J., and Koontz, J., concurred.