**Ann Robin PAUL, Appellant,**

v.

**Allen L. FORMAN, Appellee.**

**In re Allen L. Forman, Debtor.**

No. CA–99–01236–A.
Bankruptcy No. BK–97–18383–SSM.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 24, 1999.

Leslie Wayne Lickstein, Leslie W. Lickstein, PC, Fairfax, VA, for appellant.

David M. Hill, Herndon, VA, for appellee.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the Court on appeal from the bankruptcy court's March 2, 1999 decision below, pursuant to 28 U.S.C. §§ 1334 and 157.

### Facts

Appellant, Ann Robin Paul, brings this appeal against Appellee, Allen L. Forman, her former husband and a bankruptcy debtor. The parties were married from 1970 until November 26, 1996. A written Property Settlement Agreement ("Agreement") was executed to determine the parties' obligations. (Appellant's Brief, at 3.)

In the Agreement, the parties waived all rights to alimony and equitable distribution. (*Id.*) The parties each would pay for one-half of the "room, board, books, tuition, food, clothing, transportation, medical and health insurance and other related expenses" for their two children. (*Id.*) An exhibit was attached to the Agreement detailing the outstanding marital debts and obligations to which they may have been jointly liable, totaling $684,000. The Agreement did not state which party would make the necessary payments. (*Id.*) Appellant claims that Appellee ac-knowledged that the parties had reached an "understanding" that each would be responsible for one-half of the total listed in the exhibit attached to the Agreement. (*Id.*, at 4.)

At the November 26, 1996 divorce proceeding, Appellee appeared without counsel and advised the Circuit Court of Fairfax County that he objected to the terms of the Agreement. (*Id.*, at 4.) Notwithstanding, the court confirmed and approved the divorce on that date and incorporated the judgment into the Agreement. (*Id.*)

Appellee filed a voluntary Chapter 7 bankruptcy petition on November 11, 1997 and received a discharge on February 10, 1999. Appellant filed an adversary proceeding against the Appellee on May 15, 1998, suggesting that certain of his obligations were non-dischargeable. On March 2, 1999, the bankruptcy judge entered judgment for Appellee, finding that, pursuant to 11 U.S.C. § 523(a)(15), his debts were dischargeable because he was unable to pay and because the benefit of discharge to the debtor outweighed the detriment to his former-wife.

### Standard of Review

■ On appeal, the district court may affirm, modify, remand with instructions for further proceedings, or reverse a bankruptcy judge's judgment. Rule 8013, Bankruptcy Rules (West 1999). The district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard. Rule 8013, Bankruptcy Rules (West 1999). *See In re: Concord Coal Corp.*, 81 B.R. 863 (S.D.W.Va.1988). However, conclusions of law are reviewed de novo. *In re: Johnson*, 960 F.2d 396, 399 (4th Cir.1992).

### Analysis

There are five issues certified for this Court's review in the present appeal. The first issue is the bankruptcy judge's finding that Appellee's share in $160,604 of marital debts and obligations are dischargeable under § 523(a)(15)(A).

Discharge is favored in bankruptcy proceedings. However, certain debts and obligations are not subject to discharge. Under § 523(a)(5), debts and obligations to a former spouse or child in the nature of alimony, maintenance, or support are non-dischargeable. In addition, under § 523(a)(15), other general debts and obligations are non-dischargeable if incurred by the debtor in the course of a divorce or in connection with a settlement agreement. In this case, the debts listed in the attachment to the parties' Agreement are non-dischargeable under § 523(a)(15).

■ However, a § 523(a)(15) debt is dischargeable if the debtor cannot pay the debt.[1] § 523(a)(15)(A). A debtor is able to pay if, "after taking into account all reasonably necessary living expenses of the debtor and his or her dependents, there exists disposable income from which the debt could be paid." *In re: Metzger*, 232 B.R. 658, 663 (Bankr.E.D.Va.1999).

■ To determine ability to pay, a court should consider the debtor's monthly income and whether the debtor's listed expenses are reasonably necessary. However, as the bankruptcy court correctly stated: "no equitable factors figure into the Court's analysis of Debtor's ability to pay under Section 523(a)(15)(A)." *In re: Forman*, CA–97–18383–SSM (Bank. E.D.Va. March 2, 1999). *See In re: Morris*, 197 B.R. 236 (Bankr.N.D.W.Va.1996);

*In re: Florez*, 191 B.R. 112 (Bankr.N.D.Ill. 1995).

■ In this case, the record makes clear that Appellee lacks the requisite disposable income to make the required payments. The following are undisputed facts: (1) Appellee's monthly take home pay from his first job is approximately $1,038.57. (Appellant's Brief, at 6.) (2) Appellee's monthly expenses are approximately $1,776.61. (Appellant's Brief, at 7.) Before an accounting for his second job, Appellee's net monthly income is $–738.04.

Appellant disputes Appellee's monthly income from his second job, which has fluctuated over the past 10 years. The record shows that Appellee's work as a handyman brings him no more than an additional $4,000.00 annually, or $333.33 monthly. Appellant claims that this number understates what Appellee makes, because it fails to include cash payments. (Appellant's Brief, at 7.) Moreover, Appellant claims that Appellee could make more money if he would simply take a second job at Hechinger's "working at the minimum wage of $8.00 per hour." (*Id.*)

The Court is unpersuaded by Appellant's arguments. After deductions for his monthly expenses, Appellee has no disposable income. Even though he is working two jobs he is not, nor will he be in the near future, able to pay off the disputed debts and obligations. Even if Appellee had undeclared income from his second job equal to the declared income from that job, he would still be unable to pay.

This seems to be precisely the situation contemplated by the bankruptcy code, in which discharge is warranted even for a debt or obligation incurred through a di-

---

**1.** In addition, a § 523(a)(15) debt is dischargeable if discharging the debt would result in a benefit to the debtor that outweighs

the detrimental consequences to the former spouse. § 523(a)(15)(B).

vorce or settlement agreement. The Court finds that Appellee is unable to pay and the bankruptcy court was correct in holding the same.

■ The second issue certified for review on this appeal is the absence of a ruling on the balance of hardships and benefits in the bankruptcy judge's opinion. As discussed above, § 523(a)(15) lists two exceptions to non-dischargeability: inability to pay and balancing of benefit to debtor and against hardship to spouse. The two exceptions are listed in the disjunctive, thus, it is not necessary for a court to find the presence of both (A) and (B) in determining dischargeability. The bankruptcy court found that Appellee is unable to pay. This Court agrees with that finding. As such, there is no need to consider the balancing of benefit and hardship, other than to provide an alternate basis for this Court's ruling.

The third issue certified on appeal is whether the bankruptcy court erred in finding that Debtor's poor fiscal mismanagement and incompetence did not constitute bad faith.

The Court does not find bad faith on the part of the Appellee. Although his fiscal management skills may be lacking, and may even dip to the level of incompetence, the record does not support a finding of bad faith.

■ This finding, however, is immaterial to the determination of Appellee's ability to pay under § 523(15)(A). The Court does not read the bankruptcy code or caselaw to hold that a finding of bad faith bars a debtor from discharge under circumstances similar to this case. In other words, even if the bankruptcy court had found bad faith, it would not have affected the determination of ability to pay. *In re: Morris,* 197 B.R. at 244. As such, the

bankruptcy judge did not err with respect to this issue.

The fourth issue certified on appeal is whether the bankruptcy court erred in finding that the $12,500 debt arising from the parties' daughter's automobile accident was not in the nature of child support. Appellant asserts that the Circuit Court of Fairfax County found that this debt was in the nature of child support. Appellant contends this Court should be bound by that determination. (Appellant's Brief, at 5–6.) As such, the debt arising from the accident would not be dischargeable under § 523(a)(15).

■ The determination of whether an obligation is non-dischargeable in the nature of alimony, maintenance, or support is one of federal bankruptcy law, not state law. *In re: Long,* 794 F.2d 928, 930 (4th Cir.1986); *In re: Williams,* 703 F.2d 1055, 1056 (8th Cir.1983); 4 Colliers on Bankruptcy § 523.11(1) (Matthew Bender 15th ed). Whether payments are "in the nature of alimony, maintenance, or support" is determined by the intention of the parties that the payments be for support rather than a property settlement. *In re: Crosby,* 229 B.R. 679, 681 (Bankr.E.D.Va.1998) (citations omitted); *In re: Long,* 794 F.2d at 931.

■ A debt designated as alimony, maintenance or support but which is not in the nature of alimony, maintenance, or support is dischargeable. *Mosley v. Mosley,* 19 Va.App. 192, 196, 450 S.E.2d 161 (1994) (citing *Carter v. Carter,* 18 Va.App. 787, 788–89, 447 S.E.2d 522 (1994)). Moreover, this Court is not bound to accept a state court's characterization of an award as maintenance or a property settlement. As stated, the crucial issue is the function the award is intended to serve. *Id.* (citing *In re: Williams,* 703 F.2d at 1057).

■ In this case, although the debt arising from the accident may have been agreed upon by the parties in settlement of their divorce, there is no evidence in the record that the debt was in the nature of alimony, support or maintenance. The debt resulted from an automobile accident and appears to have been intended to be a part of the property settlement between the parties, nothing more. As such, the bankruptcy court did not err in counting it as a dischargeable debt.

■ Finally, the fifth issue certified on appeal is whether the bankruptcy court erred in finding that attorney fees were not warranted pursuant to the parties' Agreement. The bankruptcy court held that each party will bear it own costs. Indeed, a finding of bad faith might provide a basis for a court to grant fees and/or costs in the form of sanctions under Rule 11, the Court's inherent powers, or 28 U.S.C. § 1927. However, the Court agrees with the bankruptcy judge's findings of law on this issue. The record does not indicate bad faith on the part of the Appellee. The decision below sets forth the rationale for finding no bad faith and this Court adopts the bankruptcy judge's findings on that issue.

### Conclusion

For the foregoing reasons, the judgment below of the bankruptcy court is AFFIRMED. An appropriate Order will issue.