COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


SENA HOPE TAYLOR FLEMING
                                            OPINION BY
v.   Record No. 2277-99-3        JUDGE JAMES W. BENTON, JR.
                                           JULY 18, 2000
CHRISTOPHER D. FLEMING


            FROM THE CIRCUIT COURT OF WISE COUNTY
                    Ford C. Quillen, Judge

        Joseph F. Hunnicutt (Adkins, Elkins &
        Hunnicutt, on brief), for appellant.

        Jeffery A. Sturgill (Richard D. Kennedy;
        Sturgill & Kennedy, on brief), for appellee.


    After Christopher D. Fleming and Sena Hope Taylor Fleming,

husband and wife, entered into a property separation agreement

and while their divorce suit was pending, the wife filed for

bankruptcy. In the final decree of divorce, the trial judge

ruled that the wife's bankruptcy constituted a material breach

of the separation agreement, decreed that the agreement be

affirmed, and ordered the wife to pay to the husband, as lump

sum spousal support, an amount equivalent to the joint debt that

was discharged in bankruptcy. The wife contends the trial judge

erred because the debts had been discharged in bankruptcy, the

parties had waived spousal support in the agreement, the husband

had not sought this relief in the pleadings, and the husband did

not object in bankruptcy court to discharge of the debts.  For the following reasons, we reverse the decree.

## I.

The husband and wife entered into an agreement dated May 15, 1998, which acknowledged their marital separation.  In pertinent part, the agreement provided that the wife would be solely responsible for payment of various credit card debts totaling $11,000 and would "releas[e] husband of all obligations" on those debts.  The wife also agreed to extinguish a debt owed to the husband's mother by paying "one hundred and fifty dollars a month until a total of eight thousand two hundred dollars has been met" and further agreed that "[i]f [she] ever declares bankruptcy she must reaffirm this debt and pay it off voluntarily or have wages garnished."  The agreement specified which assets each party would receive and recited that "[t]he parties . . . waive all their rights to receive support and maintenance from the other, and neither shall receive any such support and maintenance."

The husband filed a bill of complaint for divorce on August 19, 1998.  The wife filed a petition for bankruptcy in the United States Bankruptcy Court on September 3, 1998, listing as unsecured creditors the husband, the husband's mother, and the various credit card entities.  A month later, the husband filed an amended bill of complaint for divorce, requesting, among other relief, that the parties' agreement "be rescinded; that

the property rights between the parties . . . be adjudicated

. . . ; and, that he be granted . . . further relief."  On

January 8, 1999, the bankruptcy court entered an order

discharging the wife from her debts, including the credit card

accounts and the money owed to the husband's mother.  After her

discharge in bankruptcy, the wife filed an answer and cross bill

requesting that the parties' agreement "be incorporated into the

final decree of divorce."

Following the taking of depositions and ore tenus evidence

in the divorce proceeding, the parties filed written arguments.

The trial judge ruled in a letter opinion as follows:

> It is further noted in Paragraph III of the
> Separation Agreement that if the wife ever
> declares bankruptcy, she must reaffirm this
> debt.  The wife's filing of bankruptcy
> amounts to a repudiation of the Separation
> Agreement for all three debts and
> constitutes a material breach of the
> contract since the husband is obligated on
> two of these credit cards.  The Court finds
> that these debts are due and owing by the
> wife to the husband pursuant to this
> Agreement even though they have been
> bankrupted by the wife.  The Court holds
> pursuant to the cases of Carter v. Carter,
> 18 Va. App. 787, and Blythe v. Blythe, 36
> Va. Cir. 162, that these obligations (even
> though bankrupted) still amount to
> obligations between the parties and are
> enforceable by the Court.  The Court notes
> that in the past, Virginia has allowed debts
> to be paid by contempt proceedings,
> rescission, or repudiation of the Agreement.
>
> Since the Agreement has been complied with
> in all respects except for the bankruptcy,
> the Court reaffirms the Separation Agreement
> as equitable distribution in this case and

> further reaffirms the wife's contractual
> obligations [to pay the husband's mother]
> under Paragraph III of the Separation
> Agreement.  The Court affirms the Separation
> Agreement and reaffirms the obligation of
> $14,557 on behalf of the wife.  The Court
> further orders that the wife pay to the
> husband spousal support in the lump sum of
> $14,557 to be paid in installments of $200
> per month, beginning on September 1, 1999.

This appeal followed entry of the final decree of divorce, which granted the husband a divorce on the ground of desertion, "affirm[ed] the Agreement," and, ordered the wife, "instead of the payments of the debts . . . required under . . . the Agreement," to pay the husband "spousal support . . . in the lump sum of $14,557 . . . in installments of $200 per month . . . until the entire lump sum is fully paid."

## II.

In Carter v. Carter, 18 Va. App. 787, 447 S.E.2d 522 (1994), we ruled that "[b]y seeking and accepting discharge [in bankruptcy] from his obligation under the [property settlement] agreement, [the spouse] repudiated the agreement . . . [and] thereby failed in the due performance of his obligation thereunder, giving [the other spouse] the right to seek rescission pursuant to [the terms of the agreement]."  Id. at 790, 447 S.E.2d at 523.  Thus, we upheld the trial judge's order rescinding the agreement and granting of a monetary award as a distribution of the marital assets of the party.  See id. at 788-89, 447 S.E.2d at 523.

Although the husband in this case requested the remedy of rescission in his amended bill of complaint, the trial judge did not order that relief. Instead, the trial judge "reaffirm[ed] the Separation Agreement as equitable distribution and further reaffirm[ed] the wife's contractual obligations [to pay the husband's mother] under . . . the Separation Agreement." These circumstances are analogous to Mosley v. Mosley, 19 Va. App. 192, 450 S.E.2d 161 (1994), where the husband filed for bankruptcy and obtained a discharge from all the parties' marital debts. See id. at 194, 450 S.E.2d at 162-63. In reversing a lump sum spousal support award, we noted the following:

> [A]lthough the trial judge characterized the award as "lump sum spousal support," he specifically listed as its purpose "to compensate [wife] for 1/2 the value of [husband's] use of the marital home [which was based on his failure to make mortgage payments as agreed], 1/2 of the debt to the credit union and 1/2 of all other secured and unsecured marital debt." This language makes clear that the trial court's purpose in making the award was to hold husband financially responsible for one-half of all marital debts, which would, in effect, serve to circumvent the discharge granted by the federal bankruptcy court.

Id. at 196-97, 450 S.E.2d at 164.

Here, the trial judge awarded the husband spousal support, even though the pleadings contained no request for it. See Boyd v. Boyd, 2 Va. App. 16, 17-18, 340 S.E.2d 578, 579 (1986) ("hold[ing] that it was error for the trial court to have

awarded spousal support to a party whose pleadings requested no such relief").  Furthermore, under Code § 20-109, when a contract between the parties is filed before entry of the final decree, the trial judge may not enter an order or decree for spousal support except in accordance with that contract.  See White v. White, 257 Va. 139, 144, 509 S.E.2d 323, 325 (1999).  In this case, the contract explicitly states "[t]he parties . . . waive all their rights to receive support . . . from the other, and neither shall receive any such support."  The trial judge, however, granted relief to the husband by crafting a lump sum award of spousal support that represented the amount of debt the wife was discharged from paying by order of the bankruptcy court.  In so doing, the trial judge ordered the wife to make "spousal support" payments, in violation of Code § 20-109.  In addition, the order impermissibly "would, in effect, serve to circumvent the discharge granted by the federal bankruptcy court."  Mosley, 19 Va. App. at 197, 450 S.E.2d at 164.

For these reasons, we reverse that portion of the final decree pertaining to the property of the parties and awarding lump sum spousal support, and we remand for reconsideration consistent with the rulings herein.

Reversed and remanded.