COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Haley and Senior Judge Willis

LORA LYNN STOUT

                                                          MEMORANDUM OPINION[*]
v.        Record No. 0505-09-2                              PER CURIAM
                                                          AUGUST 11, 2009
CLAIR REX STOUT


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Harvey Latney, Jr., Judge *Pro Tempore*

(Robert S. Ganey; Hanover Law Office, on briefs), for appellant.

(R. Scott Pugh, on brief), for appellee.


Lora L. Stout (wife) appeals the equitable distribution, spousal support, and attorney's fees

rulings of the final decree of divorce.  Wife argues that the trial court erred by (1) not accepting

wife's expert's business appraisal; (2) failing to recognize that husband's expert did not look at the

bank statements, vehicles, or equipment in arriving at his business appraisal and not awarding wife

forty percent of those assets; (3) failing to award wife for her seventeen years of hard work on the

marital business; (4) failing to award wife over $80,000, as represented by her previous salary of

$800 per week that husband took after their separation; (5) not accepting her values for the

properties at Countyline Church Road and Garrisonville Road; (6) not considering the assessment

value for the property at Countyline Church Road; (7) failing to award wife for her monetary

contributions for payments made on the three properties; (8) failing to award wife for her seventeen

years of devoted marriage and hard work and non-business work for the benefit of the family;

(9) finding that wife's personal efforts did not increase the value of the 29.79 acres in Woodford;

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(10) not giving wife credit based on the factors of Code § 20-107.3(D) and (E); (11) not considering wife's limited ability to earn income and her monetary and non-monetary contributions for the well-being of the family; (12) failing to award wife $15,000 to $20,000 of the money in the house safe; (13) failing to award wife $657,500 as a lump sum spousal support award; (14) failing to compensate wife for husband's dissipation of the assets; (15) failing to apply the Brandenburg formula to determine wife's contributions to the separate properties; and (16) failing to award wife all of her attorney's fees and costs. Pursuant to Rule 5A:21(b), Clair R. Stout (husband) argues that the trial court erred by classifying the marital residence as wholly marital property. Upon reviewing the record and briefs of the parties, we summarily affirm the decision of the trial court. Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Husband and wife married on July 23, 1988, separated on August 17, 2005, and divorced on January 14, 2009. Husband owned several real estate properties prior to the marriage. These properties included the 29.79 acres in Woodford, the property at Garrisonville Road, and the property at Countyline Church Road. The trial court found that the Woodford property and the Garrisonville Road property were husband's separate property. The property at Countyline Church Road was the former marital residence, and the trial court found that it was marital property. The trial court accepted the testimony of husband's expert for the value of the marital residence.

Husband operated a landscaping business, Foxfyre Nurseries, Inc., and wife assisted him in the business. The trial court found that Foxfyre Nurseries, Inc. was marital property and that

wife owned forty percent of the property. The trial court accepted the testimony of husband's expert on the value of the business.

The trial court further found that wife waived spousal support and awarded her $10,000 for her attorney's fees and costs.

## ANALYSIS

### Husband's Question Presented – Rule 5A:18

Husband argues that the trial court erred in classifying the former marital residence as marital property. However, he failed to note any objections to the trial court's ruling.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). There was no miscarriage of justice in this case, and the ends of justice exception does not apply. Therefore, we will not consider husband's question presented.

### Wife's Questions Presented 1,4, 9, and 12 – Rule 5A:20(e)

In Question Presented 1, wife argues that the trial court erred in not accepting her expert's valuation of the business. In Question Presented 4, wife argues that the trial court failed to award her over $80,000 from her former salary of $800 per week, which husband allegedly took since the date of separation. In Question Presented 9, wife argues that the trial court failed to recognize that wife's personal efforts increased the value of the Woodford property. In

Question Presented 12, wife contends that the trial court failed to award her $15,000 to $20,000 of the money in the house safe.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Wife did not comply with Rule 5A:20(e) because her opening brief did not contain any principles of law, or citation to legal authorities, to fully develop her arguments for Questions Presented 1, 4, 9, and 12.

Wife has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that wife's failure to comply with Rule 5A:20(e) is significant, so we will not consider Questions Presented 1, 4, 9, and 12. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Question Presented 2 – Business Appraisal

Wife argues that the trial court failed to recognize that husband's expert did not look at the bank statements, vehicles, or equipment in arriving at his value for the business and that wife was not awarded forty percent of the accounts, vehicles, and equipment.

In response to wife's objection, the trial court held that "the equipment, vehicles, bank accounts, certificate of deposits [sic] are not separate assets. They are considered a part of the evaluation of Foxfyre Nurseries, Inc."

"The trial court's decision will not be disturbed on appeal unless plainly wrong or without evidence to support it." Howell v. Howell, 31 Va. App. 332, 341, 523 S.E.2d 514, 519 (2000).

Husband's expert testified that he interviewed husband and reviewed five years of tax returns and financial statements. He also reviewed the income statements and balance sheets for the business. He explained that the financial statements reflected the cash balance at the time the financial statements were prepared. The financial statements were adjusted as necessary to complete his analysis. For example, he adjusted the depreciation for the company's equipment. His report noted that the company's equipment was "heavily worn and old."

The trial court held that husband's expert reviewed the bank accounts, vehicles, and equipment in arriving at his value for the business, and the values of the bank accounts, vehicles, and equipment were included in wife's award of forty percent of Foxfyre Nurseries, Inc.

### Questions Presented 5, 6, 7, and 15 – Real Estate

Wife argues that the trial court erred by not accepting her values for the properties at Countyline Church Road and Garrisonville Road and by not considering the assessed value for the property at Countyline Church Road.

The trial court held that the Garrisonville Road property was husband's separate property and held that "the value of separate property is irrelevant and immaterial to equitable distribution." "Code § 20-107.3(A) states that the court 'shall determine the . . . value of all property.' . . . There was no showing that the value of this property was relevant or material to the equitable distribution determination. Under these circumstances, the failure to comply with the requirement of Code § 20-107.3(A) was harmless error." McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994).

We hold that the trial court's failure to value the Garrisonville Road property was harmless.

Wife next contends that the trial court should have adopted her expert's appraisal or the assessed value for the property at Countyline Church Road. Wife's expert testified that the real estate was worth $402,000 and that its assessed value was $374,000. Husband's expert testified that the property was "in very poor shape" and was valued at $194,000. The trial court stated that it "outright rejects [wife's expert's] appraisal as being out of line" and found that the property was worth $194,000.

A court may "choose among conflicting assessments of value as long as its finding is supported by the evidence." Id. Here, the evidence supported the opinion of husband's expert because the house was in need of significant repairs, as evidenced by the appraisal and the structural engineer's report. The tax assessment did not account for the poor condition of the house. Wife's expert acknowledged that the house had structural problems and suffered from deferred maintenance, yet still found that its value was $402,000. The trial court did not err in rejecting wife's values for the Countyline Church Road property.

Next, wife argues that the trial court failed to award her for her monetary contributions to husband's separate real estate. She alleges that marital funds were used to make payments on the mortgages and real estate taxes.

> A party does not meet the burden of proving that "contributions of marital property . . . were made" by merely establishing that marital funds were expended for customary maintenance and upkeep of the property. The term "contribution of marital property" within the meaning of the statute contemplates an improvement, renovation, addition, or other contribution which, by its nature, imparts intrinsic value to the property and materially changes the character thereof.

Martin v. Martin, 27 Va. App. 745, 756, 501 S.E.2d 450, 455 (1998) (en banc) (citation omitted).

Payments for the real estate taxes do not increase the value of the property. Wife did not provide sufficient evidence to prove how much the value of the house increased because of the marital contributions to the mortgage payments.

Wife argues that the trial court should have used the Brandenburg formula to calculate her share of the real estate.

In Hart v. Hart, 27 Va. App. 46, 497 S.E.2d 496 (1998), the Brandenburg formula was approved as a method of calculating marital and separate components of hybrid property. The Brandenburg formula

> established a relationship between the nonmarital contribution and the total contribution, and between the marital contribution and the total contribution. These relationships, reduced to percentages, shall be multiplied by the equity in the property at the time of distribution to establish the value of the nonmarital and marital properties.

Id. at 65, 497 S.E.2d at 505. "Marital contribution (mc) is defined as the amount expended after marriage from other than nonmarital funds in the reduction of mortgage principal, plus the *value* of improvements made to the property after the marriage from other than nonmarital funds." Id.

At trial, wife testified that she did not know the initial principal mortgage balances on husband's real estate when they were married. "The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (citing Taylor v. Taylor, 5 Va. App. 436, 443, 364 S.E.2d 244, 248 (1988)). Wife did not provide sufficient evidence for the trial court to consider the Brandenburg formula.

Regardless, the trial court found that the real estate was separate property and not hybrid property. The Brandenburg formula would not apply to separate property.

<u>Questions Presented 3, 8, 10, and 11 – Equitable Distribution Factors</u>

In Questions Presented 3, 8, 10, and 11, wife argues that the trial court did not consider her

monetary and non-monetary contributions to the family during their seventeen-year marriage in

determining its equitable distribution award.

On appeal, "decisions concerning equitable distribution rest within the sound discretion

of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the

evidence." <u>McDavid</u>, 19 Va. App. at 407-08, 451 S.E.2d at 715.

Code § 20-107.3(E) lists eleven factors for the trial court to consider in fashioning its

equitable distribution award.

> The appropriate consideration of the factors entails more than a
> mere recitation in the record or decree that all the statutory factors
> have been considered or reviewed. The enumerated factors are
> intended to guide the court's exercise of discretion, and substantive
> consideration of these factors should be incorporated into the
> decision-making process. <u>See</u> <u>Woolley v. Woolley</u>, 3 Va. App.
> 337, 345, 349 S.E.2d 422, 426 (1986). "This does not mean that
> the trial court is required to quantify or elaborate exactly what
> weight or consideration it has given to each of the statutory
> factors." <u>Id.</u> However, when a trial judge fails to articulate
> sufficiently the consideration he or she has given to the statutory
> criteria, "we must examine the record to determine if the award is
> supported by evidence relevant to those factors." <u>Gibson v.
> Gibson</u>, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988).

<u>Alphin v. Alphin</u>, 15 Va. App. 395, 405, 424 S.E.2d 572, 578 (1992).

The final decree states that the trial court considered all of the statutory factors. The trial

court's opinion letter explained that the trial court heard evidence from witnesses on behalf of

husband and wife. In explaining its division of the marital residence, the trial court noted the

"monetary and non-monetary contributions" made by wife "over the seventeen years of

marriage." The trial court also described in detail wife's contributions to the business. Lastly, in

determining the attorney's fee award, the trial court noted the cause of the breakdown of the

marriage, namely wife leaving husband for another man, and husband's negative monetary contributions after the separation when he closed bank accounts and stopped paying wife.

The evidence was sufficient to prove that the trial court considered the statutory factors in Code § 20-107.3(E) in determining an appropriate equitable distribution award.

<u>Question Presented 13 – Spousal Support</u>

Wife argues that the trial court erred in not awarding her a lump sum amount of spousal support.

In her complaint, wife requested temporary spousal support, but not permanent spousal support or a lump sum spousal support award. At trial, husband argued that wife waived her right to spousal support in her discovery depositions.[1] Wife acknowledged that she was not seeking ongoing spousal support and only sought a lump sum award. Wife's counsel explained, "We're not submitting exhibits and saying she needs this much to live on or whatever, just to be compensated for what she did as part of equitable distribution during the marriage."

It is error for a trial court to award spousal support to a party who has not requested spousal support in the pleadings. Boyd v. Boyd, 2 Va. App. 16, 17-19, 340 S.E.2d 578, 579-80 (1986); see also Harrell v. Harrell, 272 Va. 652, 657-58, 636 S.E.2d 391, 394-95 (2006) (holding that wife's request for *pendente lite* spousal support was insufficient to request permanent spousal support); Fleming v. Fleming, 32 Va. App. 822, 826, 531 S.E.2d 38, 40 (2000) (holding that it was error for a trial court to award a lump sum spousal support award when husband did not request spousal support in his pleadings and waived support in the parties' written agreement).

---

[1] The transcript from the discovery depositions was not included as a part of the record.

Here, the trial court held that each party waived their right to spousal support.[2] Even if wife did not waive her right to spousal support in the discovery depositions, wife did not request a lump sum spousal support award in her pleadings, so the trial court did not err in refusing to grant wife a lump sum spousal support award.

Question Presented 14 – Dissipation of Assets

Wife contends that the trial court erred in failing to compensate her for husband's dissipation of the assets, including the parties' bank investments and business accounts. She argues that the trial court also should have used a valuation date of August 17, 2005 to account for husband's dissipation.

"Dissipation occurs 'where one spouse uses marital property for his own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.'" Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 261 (1990) (quoting Hellwig v. Hellwig, 426 N.E.2d 1087, 1094 (Ill. Ct. App. 1981)).

Here, the trial court did not order a different valuation date. The trial court explained to wife that its acceptance of husband's business valuation included the various bank accounts and certificates of deposit. Wife's expert acknowledged that "there was a deterioration in the value of the business because it was losing money" in 2005 and 2006. Husband's expert explained that the economy and the housing market affected the business beginning in late 2005. Therefore, the changes in the bank accounts from the date of separation until the trial were not for husband's own benefit, but as a result of the economy.

In reaching its attorney's fees award, the trial court noted that husband closed bank accounts, which was one of the reasons that wife was awarded $10,000 in attorney's fees.

---

[2] The trial court's judgment is presumed to be correct, and wife had the burden to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc).

Therefore, there was no evidence that husband dissipated business assets, and wife was awarded $10,000 in attorney's fees for husband's actions of closing bank accounts.

### Question Presented 16 – Attorney's Fees

Wife argues that the trial court erred in awarding her $10,000 in attorney's fees and costs, as opposed to all of her attorney's fees and costs.[3]

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

In arriving at its award of attorney's fees, the trial court considered the allegations that wife left husband for another man and that husband closed certain bank accounts and stopped wife's salary from Foxfyre Nurseries, Inc. Given the circumstances of this case, the award of $10,000 for wife's attorney's fees is reasonable.

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

### CONCLUSION

For the foregoing reasons, we affirm the trial court's rulings.

Affirmed.

---

[3] Wife's attorney's fees and costs totaled $44,048.50.